E-FILED
Tuesday, 04 June, 2013  03:51:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, ) <br> a Texas corporation, ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> KENT A. RHOADS, JASON R. BALL, and ) <br> COURTNEY UTTERBACK, ) <br> ) <br> **Defendants.** ) | **Case No. 11-CV-2217** |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#34) filed by Plaintiff, U.S. Specialty Insurance Company (USSIC), the Motion for Partial Summary Judgment (#41) filed by Defendant, Courtney Utterback, and the Motion for Partial Summary Judgment (#46) filed by Defendant, Kent A. Rhoads.  This court has carefully reviewed the arguments of the parties and the documents provided by the parties.  Following this careful review, USSIC's Motion for Summary Judgment (#34) is GRANTED and Defendants' Motions for Partial Summary Judgment (#41, #46) are DENIED.

## BACKGROUND

On May 19, 2011, Courtney Utterback filed a Complaint in Case No. 11-CV-2131 against Kent A. Rhoads, Jason R. Ball and Terry Weger[1] pursuant to 42 U.S.C. § 1983. Utterback stated that she was incarcerated at the Edgar County jail from January 7, 2010

---

[1] Utterback stated that Weger was employed by the Edgar County Sheriff as the administrator of the Edgar County jail.  For her claim against Weger, Utterback alleged that he refused to allow Utterback the opportunity to have the mental health counseling that had been ordered as part of her sentence.

through July 4, 2010. Utterback alleged that Rhoads and Ball were employees of the Edgar County Sheriff working in the Edgar County jail at the time she was incarcerated there. Utterback alleged that Ball took nude photographs of her for his own benefit and without penological purpose. Utterback also alleged that Ball had intimate sexual relations with her without her consent. In addition, Utterback alleged that Rhoads had intimate sexual relations with her without her consent and that Ball and Rhoads provided her with unlawful drugs and alcohol. Utterback alleged that Ball and Rhoads violated her rights under the Eighth Amendment to the Constitution to be free from cruel and unusual treatment. Utterback alleged that, as a result of the conduct of Ball and Rhoads, she suffered emotional distress, physical injury, embarrassment and the loss of enjoyment of life.

On June 6, 2012, Ball was convicted of unlawfully engaging in sexual conduct with a person (Utterback) who was in the custody of a penal institution in violation of 720 Ill. Comp. Stat. 5/11-9.2(a)(1). On June 6, 2012, Rhoads was also convicted of unlawfully engaging in sexual conduct with a person (Utterback) who was in the custody of a penal institution in violation of 720 Ill. Comp. Stat. 5/11-9.2(a)(1).

## PROCEDURAL HISTORY

On September 13, 2011, USSIC filed its Complaint for Declaratory Relief (#1) in this case, naming Ball, Rhoads and Utterback as Defendants.[2] USSIC stated that this court has jurisdiction over the case based upon diversity. See 28 U.S.C. § 1332(a)(1). USSIC stated

---

[2] Terry Weger was not named as a defendant in this action.

2

that it issued Policy No. PKG80310141 to Edgar County for the period July 1, 2009 to July 1, 2010 (Policy).  The Policy is a multi-form policy that provides coverage to Edgar County and its employees.  USSIC attached a copy of the Policy to the Complaint.  In Count I, USSIC sought a declaration that it has no duty to defend or indemnify Ball and Rhoads under the General Liability Coverage Part of the Policy.  In Count II, USSIC sought a declaration that it has no duty to defend or indemnify Ball and Rhoads under the Law Enforcement Coverage Part of the Policy.  In Count III, USSIC sought a declaration that it has no duty to defend or indemnify Ball and Rhoads under the Public Officials Liability Coverage Part of the Policy.  The case was stayed pending the outcome of the criminal charges in Edgar County.  After the criminal proceedings were terminated, Rhoads' attorney was allowed to withdraw.  Both Rhoads and Ball are now pro se in this case.

On November 1, 2012, USSIC filed a Motion for Summary Judgment (#34), a Memorandum in Support (#35), with attached exhibits, a Statement of Facts (#36), with attached exhibits, and two Affidavits in Support of Motion for Summary Judgment (#37, #38).  USSIC argued that, based upon the undisputed facts and the Policy language, it has no duty to defend or indemnify Ball and Rhoads because the allegations of the underlying Utterback Complaint do not come within the scope of coverage provided by the Policy issued by USSIC.  On November 1, 2012, Utterback filed a Motion for Partial Summary Judgment (#41) and a Memorandum in Support (#42).  Utterback said that she agreed with USSIC that summary judgment was appropriate in USSIC's favor on Count I of the Complaint regarding the General Liability Coverage Part of the Policy.  Utterback argued, however, that she was

entitled to summary judgment on Counts II and III of the Complaint. She argued that USSIC has an obligation to defend Ball and Rhoads under the Law Enforcement Coverage Part of the Policy and the Public Officials Liability Coverage Part of the Policy. On November 27, 2012, Rhoads filed a pro se Motion for Partial Summary Judgment (#46) and Memorandum in Support (#47). Rhoads' Motion was essentially identical to Utterback's Motion for Partial Summary Judgment. On November 26, 2012, Ball filed a pro se "Answer" (#45). Ball stated that he could not afford representation and did not know how to respond.

On November 29, 2012, Utterback filed her Memorandum in Opposition to USSIC's Motion for Summary Judgment (#49) and USSIC filed its Response to Utterback's Motion for Partial Summary Judgment (#50). On December 14, 2012, USSIC filed its Response to Rhoads' Motion for Partial Summary Judgment (#54). Also on December 14, 2012, USSIC filed its Reply Memorandum in Support of its Motion for Summary Judgment (#53) and Utterback filed her Reply Memorandum in Support of her Motion for Partial Summary Judgment (#52). In her Reply, Utterback conceded that USSIC was entitled to summary judgment regarding the Public Officials Liability Coverage Part of the Policy as "the public officials liability provisions do not apply to law enforcement personnel."

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, three of the parties have moved for summary judgment and have

asserted there is no genuine dispute as to any material fact. The parties have agreed that Illinois law applies to the issues in this case. Under Illinois law, the interpretation of an insurance policy is a question of law which is properly decided by way of summary judgment. BASF AG v. Great Am. Assur. Co., 522 F.3d 813, 818-19 (7th Cir. 2008); see also Ace Am. Ins. Co. v. RC2 Corp., Inc., 600 F.3d 763, 767 (7th Cir. 2010). "Contract interpretation lends itself to resolution by summary judgment because 'the determination of whether a contract is ambiguous is a matter of law.'" Central States, S.E. & S.W. Areas Pension Fund v. Waste Mgmt. of Mich., Inc., 674 F.3d 630, 634-35 (7th Cir. 2012), quoting Barnett v. Ameren Corp., 436 F.3d 830, 833 (7th Cir. 2006). When cross motions for summary judgment have been filed, this court must review the record construing all inferences in favor of the party against whom the motion under consideration is made. See BASF AG, 522 F.3d at 818.

## II.  DUTY TO DEFEND

An insurer's duty to defend is broader than its duty to indemnify. Nat'l Cas. Co. v. McFatridge, 604 F.3d 335, 338 (7th Cir. 2010). Therefore, "[i]f an insurer has no duty to defend, it has no duty to indemnify." McFatridge, 604 F.3d at 338. This court must determine whether USSIC has a duty to defend "by examining the underlying complaint and the language of the insurance policy." McFatridge, 604 F.3d at 338. Any doubts as to whether particular claims fall within the policy must be resolved in favor of coverage. McFatridge, 604 F.3d at 338. "So if the 'complaint asserts facts within or potentially within policy coverage, an insurer is obligated to defend its insured.'" McFatridge, 604 F.3d at 338,

5

quoting Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 828 N.E.2d 1092,

1098 (Ill. 2005).  "On the other hand, an insurer may refuse to defend an action in which,

from the face of the complaint, the allegations are clearly outside the bounds of the policy

coverage."  McFatridge, 604 F.3d at 338, citing U.S. Fid. & Guar. Co. v. Wilkin, 578 N.E.2d

926, 930 (Ill. 1991); see also ProLink Holdings Corp. v. Fed. Ins. Co., 688 F.3d 828, 830 (7th

Cir. 2012).

       In Illinois, in construing an insurance policy, the general rules governing the

interpretation and construction of contracts apply.  See Hobbs v. Hartford Ins. Co. of the

Midwest, 823 N.E.2d 561, 564 (Ill. 2005).  The court's "primary objective is to ascertain and

give effect to the intention of the parties, as expressed in the policy language."  Hobbs, 823

N.E.2d at 564.  "If the policy language is unambiguous, the policy will be applied as written,

unless it contravenes public policy."  Hobbs, 823 N.E.2d at 564.  "Whether an ambiguity

exists turns on whether the policy language is subject to more than one reasonable

interpretation."  Hobbs, 823 N.E.2d at 564.  "Although 'creative possibilities' may be

suggested, only reasonable interpretations will be considered."  Hobbs, 823 N.E.2d at 564,

quoting Bruder v. Country Mut. Ins. Co., 620 N.E.2d 355, 362 (Ill. 1993).  Courts need not

strain to find an ambiguity where none exists.  Hobbs, 823 N.E.2d at 564.

       Because the court must assume that every provision in an insurance policy was

intended to serve a purpose, the policy must be construed as a whole, giving effect to every

provision.  Rich v. Principal Life Ins. Co., 875 N.E.2d 1082, 1090 (Ill. 2007).  This court

must take into account the "type of insurance purchased, the nature of the risk involved, and

6

the overall purpose of the contract." <u>McFatridge</u>, 604 F.2d at 340, <u>quoting</u> <u>Nicor, Inc. v.</u> <u>Associated Elec. & Gas Ins. Servs. Ltd.</u>, 860 N.E.2d 280, 286 (Ill. 2006).  Courts give little weight to the legal label that characterizes the underlying allegations and, instead, must "determine whether the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy." <u>Lexmark Int'l, Inc. v. Transp. Ins. Co.</u>, 761 N.E.2d 1214,  1221 (Ill. App. Ct. 2001).  An exclusion in a policy serves the purpose of taking out persons or events otherwise included within the defined scope of coverage. <u>Rich</u>, 875 N.E.2d at 1094.  Insurers have the burden of proving that an exclusion applies. <u>Santa's Best Craft,</u> <u>LLC v. St. Paul Fire & Marine Ins. Co.</u>, 611 F.3d 339, 347 (7th Cir. 2010).  "However, where an exclusion is clear and unambiguous, it must be applied as written." <u>Standard Mut. Ins.</u> <u>Co. v. Mudron</u>, 832 N.E.2d 269, 271 (Ill. App. Ct. 2005).

### III.  USSIC'S MOTION FOR SUMMARY JUDGMENT

USSIC has argued that it is entitled to summary judgment on Counts I, II and III of its Complaint for Declaratory Judgment.  This court first concludes that USSIC is entitled to summary judgment on Counts I and III.  This court agrees with USSIC and Utterback that USSIC has no obligation to defend or indemnify Ball and Rhoads under the General Liability Coverage Part of the Policy and the Public Officials Liability Coverage Part of the Policy. USSIC has shown that there is no coverage under the General Liability Part of the Policy because the alleged conduct of Ball and Rhoads was not "within the scope of their duties." USSIC has also shown that there is no coverage under the Public Officials Liability Coverage Part of the Policy because the provisions of this part of the Policy exclude coverage for any

7

lawsuits "arising from the activities of any law enforcement agency or law enforcement personnel, including the operation of adult and juvenile detention facilities."

This court therefore agrees with Utterback's Reply (#52) that the only real issue is whether USSIC is entitled to summary judgment on Count II and the sole question for this court to decide is whether USSIC has an obligation to defend Ball and Rhoads under the provisions of the Law Enforcement Coverage Part of the Policy.

This court will therefore set out the pertinent provisions of the Policy at issue. The Named Insured under the Policy is Edgar County. The Policy provides that the term "INSURED" includes "All full or part-time employees of the NAMED INSURED and all persons who were, now are or shall be lawfully elected, appointed or employed officials of the NAMED INSURED with respect to liability arising out of LAW ENFORCEMENT ACTIVITIES." The Policy states that it provides coverage to Insureds because of Wrongful Acts to which this insurance applies. The Policy defines "WRONGFUL ACT" as "any actual or alleged act, error or omission, neglect or breach of duty by the INSURED while conducting LAW ENFORCEMENT ACTIVITIES that results in" personal injury, bodily injury or property damage. The Policy states that the covered Wrongful Acts "must arise out of the performance of the INSURED'S LAW ENFORCEMENT ACTIVITIES." Law Enforcement Activities are defined in the Policy as:

1.   Those activities conducted by the NAMED INSURED'S Law Enforcement Department or Agency as shown on the Declarations; and

8

2. Departmentally approved activities that are declared in the application.

Under the Exclusions section of the Policy, the Policy states, in pertinent part:

This insurance does not apply to and WE shall not be obligated either to make any payment or to defend any SUIT in connection with any claim or SUIT made against the INSURED for WRONGFUL ACT(S):

. . .

2. Arising from the deliberate violation of any federal, state, or local statute, ordinance, rule or regulation committed by or with the knowledge and consent of the INSURED.

USSIC argued that the alleged acts of Ball and Rhoads are not Law Enforcement Activities as defined in the Policy and thus are not Wrongful Acts covered by the Policy. USSIC argued that custodial sexual misconduct and providing contraband to a prisoner are not law enforcement activities. USSIC argued that the alleged acts of Ball and Rhoads are not acts within the scope of the duties of a correctional officer but rather are acts that deliberately violate the law. In support of this argument, USSIC cited case law which holds that sexual misconduct, which by its nature is solely for the personal benefit of the transgressor, cannot be done to serve the employer's interest. See, e.g., Dorsey v. Givens, 209 F. Supp. 2d 850, 851-53 (N.D. Ill. 2001) (under Illinois law, correctional officer's improper sexual touching of a prisoner outside scope of employment). USSIC also argued

9

that there is no coverage under the quoted exclusion included in the Policy because the acts

of Ball and Rhoads constituted deliberate violations of federal and state law.

In Response, Utterback has argued that USSIC's argument that the alleged conduct

of Ball and Rhoads was not within the scope of their employment is not persuasive because

the Policy does not provide that covered activities must be within the scope of their

employment.   Utterback argued that, unfortunately for USSIC, this language is absent from

the Law Enforcement Coverage Part of the Policy.  Utterback argued that, instead, the Policy

provides coverage for actions which occurred "while conducting LAW ENFORCEMENT

ACTIVITIES."  Utterback argued that this language expands coverage to incidents that occur

while conducting law enforcement activities and, undoubtedly, overseeing inmates is a "law

enforcement activity."  Utterback argued that her claim is that the actions of Ball and Rhoads

took place while they were conducting law enforcement activities so that her allegations fall

squarely within the parameters of the Law Enforcement coverage.  Utterback also argued that

this court does not need to consider whether the actions of Ball and Rhoads "arise out of" the

performance of Law Enforcement Activities because this language is not included in the

portion of the Policy which describes the duty to defend.

This court first concludes that Utterback's argument that this court does not need to

consider the "arise out of" language is without merit.  The Policy specifically states that "WE

will have no duty to defend the INSURED against any SUIT seeking damages for

WRONGFUL ACT(S) to which this insurance does not apply."   Therefore, this court

concludes that it must determine whether there is coverage provided by the Policy in order

to determine if there is a duty to defend.  As stated previously, "an insurer may refuse to defend an action in which, from the face of the complaint, the allegations are clearly outside the bounds of the policy coverage."  McFatridge, 604 F.3d at 338.

After careful consideration, this court concludes that, under the unambiguous terms of the Policy, coverage is provided only for wrongful acts which "arise out of" the performance of Law Enforcement Activities, which is defined as "[t]hose activities conducted by" Edgar County's Law Enforcement Department.  In the underlying complaint, Utterback alleged that Ball took nude photographs of her for his own benefit and without penological purpose, that Ball and Rhoads had intimate sexual relations with her without her consent and that Ball and Rhoads provided her with unlawful drugs and alcohol.  This court concludes that, although the policy does not specifically state that covered actions must be within "the scope of employment," the language used can only be interpreted as meaning essentially the same thing.  Utterback has suggested "creative possibilities" as to how the Policy language is ambiguous and potentially provides coverage based upon the allegations of the underlying complaint.  These court concludes, however, that Utterback's suggestions are not a reasonable interpretation of the Policy.  See Hobbs, 823 N.E.2d at 564.  This court concludes, without hesitation, that the alleged actions of Ball and Rhoads did not "arise out of" the performance of Law Enforcement Activities, as defined by the Policy.  Therefore, there is no coverage for their actions under the unambiguous language of the Policy and USSIC has no duty to defend.

However, even if this court agreed with Utterback that the Policy language is

11

ambiguous and could potentially provide coverage for her claims, this court concludes that the exclusion relied upon by USSIC clearly excludes any coverage for the actions of Ball and Rhoads alleged in Utterback's underlying complaint. USSIC has argued that Utterback's claims in the underlying complaint are for injuries that arose from illegal conduct that was the result of deliberate violations of state and federal statutes. USSIC argued that coverage is thereby excluded because the Policy excludes coverage for any suit made against the Insured for Wrongful Acts "arising from the deliberate violation of any federal, state or local statute, ordinance, rule or regulation committed by or with the knowledge or consent of the Insured." USSIC pointed out that Ball and Rhoads were convicted of unlawfully engaging in sexual conduct with a person (Utterback) who was in the custody of a penal institution in violation of 720 Ill. Comp. Stat. 5/11-9.2(a)(1) and that their alleged conduct of providing Utterback with illegal drugs and alcohol violates 720 Ill. Comp. Stat. 5/31A-1.1 (West 2010). USSIC argued that coverage for these alleged acts is specifically excluded under the Policy.

Utterback has argued that the exclusion does not apply because her complaint does not arise under a "statute, ordinance, rule, or regulation." Utterback argued that her claims are not premised upon a violation of any federal, state or local statute, ordinance, rule or regulation but rather on a violation of her rights under the Eighth Amendment to the Constitution. Utterback contended that the exclusion relied upon by USSIC does not purport to exempt violations of constitutional rights. Utterback also argued that giving effect to this exclusion would make the portion of the Policy which states that it provides coverage for claims alleging violations of the Federal Civil Rights Act superfluous.

12

An "exclusionary provision will negate a duty to defend only if it is clear and free from doubt that the policy's exclusion prevent coverage." Travelers Ins. Cos. v. Penda Corp., 974 F.2d 823, 833 (7th Cir. 1992); see also AMCO Ins. Co. v. Swagat Group, LLC, 2009 WL 331539, at *3 (C.D. Ill. 2009).  However, "where an exclusion is clear and unambiguous, it must be applied as written." Standard Mut. Ins. Co., 832 N.E.2d at 271. This court agrees with USSIC that Utterback's claims in the underlying complaint are for injuries that arose from illegal conduct that was the result of deliberate violations of state statutes.  Although Utterback has brought a § 1983 claim alleging violations of her rights under the Eighth Amendment to the Constitution, the basis for the claim is the illegal conduct of Ball and Rhoads.  The "legal labels used by a plaintiff in the underlying case are not dispositive as to whether a duty to defend exists." ProLink Holdings Corp., 688 F.3d at 831, quoting Conn. Indem. Co. v. DER Travel Serv., Inc. 328 F.3d 347, 349 (7th Cir. 2003).  This court agrees with USSIC that the alleged acts of Ball and Rhoads, which are the foundation for Utterback's underlying complaint against them, constitute deliberate violations of the law, and, in fact, resulted in criminal convictions.  This court concludes that USSIC has met its burden to show that coverage for Ball and Rhoads' conduct is excluded by the express Policy language excluding coverage for wrongful acts "[a]rising from the deliberate violation of any federal, state, or local statute."  This court rejects Utterback's argument that the exclusion should not be given effect because it would take away coverage provided in another section of the Policy.  This court agrees with USSIC that it has long been recognized that an insurance policy may narrow the scope of coverage through the use of exclusions. See Rich,

875 N.E.2d at 1094.

For all the reasons stated, this court concludes that USSIC is entitled to summary judgment in its favor and a declaratory judgment that it has no duty to defend or indemnify Ball and Rhoads in relation to the claims asserted by Utterback in Case No. 11-CV-2131.

## IV.  DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Because this court has concluded that USSIC is entitled to summary judgment, Defendants' Motions for Partial Summary Judgment (#41, #46) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) USSIC's Motion for Summary Judgment (#34) is GRANTED.

(2) Defendants' Motions for Partial Summary Judgment (#41, #46) are DENIED.

(3) Declaratory Judgment is entered in favor of USSIC and against Defendants.  This court declares that USSIC has no duty to defend or indemnify Ball and Rhoads in relation to the claims asserted by Utterback in Case No. 11-CV-2131.

(4)  This case is terminated.

ENTERED this 4th day of June, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE